UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

INJAH TAFARI,

                      Plaintiff,

              v.                                  9:10-CV-505
                                                  (GLS/ATB)

SUPERINTENDENT,
CURTIS DROWN,
DONALD SELSKY,

                      Defendants.
_____

APPEARANCES                            OF COUNSEL

**INJAH TAFARI**
**89-A-4807**
Upstate Correctional Facility
P.O. Box 2001
Malone, New York 12953
Plaintiff pro se

**OFFICE OF THE NEW YORK**           **ALYSON J. GILL, AAG**
**STATE ATTORNEY GENERAL**
120 Broadway
New York, New York 10271
Attorneys for Defendants

**GARY L. SHARPE**
**Chief Judge**

## MEMORANDUM-DECISION AND ORDER

### I.  INTRODUCTION

    Injah Tafari filed a petition for a writ of habeas corpus, pursuant to 28

U.S.C. § 2254, in which he challenged a Tier III prison disciplinary hearing held at the Eastern Correctional Facility on December 27, 2005, based on disciplinary charges brought against him for assaulting staff and other, related infractions. (*See* Pet. at 3, ¶ 13, Dkt. No. 1; Memorandum of Law, at 1-3, Dkt. No. 2.) Respondent filed an answer to the petition and the state court records relevant to the petition, and Tafari has filed a traverse and a supplemental traverse. (Dkt. Nos. 9-11, 13.)

On January 16, 2012, Tafari filed a letter motion, asking that the Court convert his habeas petition into a civil rights action brought pursuant to 42 U.S.C. § 1983. (Dkt. No. 17.) He conceded that although the disciplinary hearing challenged in his petition resulted in a recommended loss of forty-two (42) months of good time credits, "the imposition of [sic] loss of good time will not affect the length of [his] confinement" because he is serving a sentence with a maximum term of life in prison; and, pursuant to section 803(1)(a) of New York Correction Law, he is not eligible to receive good time allowances. (*Id.* at 2 (citing N.Y. Correct. Law § 803(1)(a)).) Respondent consented to Tafari's request to convert his petition. (Dkt. No. 18.)

On April 4, 2012, Tafari's motion to convert his habeas petition into a

civil rights action brought pursuant to 42 U.S.C. § 1983 was granted. (*See* Memorandum-Decision and Order, Dkt. No. 20.) However, his in forma pauperis status was revoked pursuant to section 1915(g) of the Prisoner Litigation Reform Act ("PLRA") because, at the time this action was originally filed, Tafari had at least three prior cases dismissed either for being frivolous, malicious, or for failure to state a claim. (*Id.* at 9-11.) The Court also found that the "imminent danger" exception did not apply because Tafari's claims did not "plausibly suggest that he faced an imminent danger of serious physical injury at any time, much less when he brought this action on April 27, 2010." (*Id.* at 12.) Accordingly, Tafari was directed to pay the filing fee ($350.00) within thirty days of the filing date of the Court's order, and he was also directed to file an amended complaint naming as defendants the individuals that he claimed were personally involved in the alleged violations of his constitutional rights. (*Id.* at 12-13.) Tafari was further advised that "his failure to comply with this Memorandum-Decision and Order within thirty (30) days will result in the dismissal of this action without prejudice and without further Order of this Court." (*Id.* at 13.[1])

---

[1] It is worth noting that this is not the first time that Tafari has attempted to avoid the
(continued...)

To date, Tafari has not paid the required filing fee. He has, however, filed a document captioned "Converted Verified Complaint," naming Curtis Drown and Donald Selsky as defendants, that includes a section captioned "Imminent danger of serious physical injury." (Dkt. No. 21 at 5-6.) In this section of the complaint, Tafari alleges that in December 2011, well after the disciplinary hearing challenged in his complaint, Donald Selsky visited him while he was in his cell and threatened him with being placed in a "body bag" if he did not drop his various federal lawsuits. (*Id.* at 4.) Tafari further alleges that on February 15, 2012, "DSS. Uhler ordered Sergeant Gettman to have" his cell "frisk[ed]" and to beat Tafari. (*Id.*) Tafari claimed that when he exited his cell, Sergeant Gettman stated, "We've been told that you have complaints in federal courts against our bosses, you either drop them or we'll kill you." (*Id.*) Tafari claims that he was then beaten by

---

¹(...continued)
"three strikes" rule when challenging disciplinary hearings. In *Tafari v. Rock*, No. 10-CV-729, 2012 WL 1340799, at *1-2 (W.D.N.Y. Apr. 18, 2012), District Judge Michael A. Teleska dismissed his challenges to five Tier III Superintendent's hearings that were transferred from this court. In an attempt to avoid the "three strikes" rule, Tafari filed the cases as habeas corpus actions. *Id.* The court "recharacterized" the petitions as complaints brought pursuant to 42 U.S.C. § 1983 and held that Tafari "brought this proceeding as a 28 U.S.C. § 2254 petition in an attempt to make an 'end run' around the [three strikes] rule and obtain poor person status." *Id.* at *2. The court denied Tafari's IFP application and then found, in the alternative, that the complaint did not state a claim for relief. *Id.* at *3-7. In *Tafari v. Rock*, No. 11-CV-0057, 2012 WL 1424725 (W.D.N.Y. Apr. 24, 2012), District Judge Telesca dismissed Tafari's attempt at bringing habeas petitions and arguing that "the 'three strikes' provision of the Prison Litigation Reform Act . . . did not apply because he was seeking habeas relief." *Id.* at *1. Judge Telesca also found that Tafari made no allegation of imminent danger, and "indeed his pleadings contain no suggestion that this is the case." *Id.* at *2.

"several staff" members while "being called a rat nigger." (*Id.*)

The Court will not address the allegations set forth in the complaint because Tafari has failed to pay the required filing fee. In light of his pro se status, however, the Court will construe the portion of his complaint alleging imminent danger as a request for reconsideration of the Court's April 4, 2012 decision finding no imminent danger.

## II.  DISCUSSION

### A.  Reconsideration

The standard for granting a motion for reconsideration is strict, "and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked-matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." *Rafter v. Liddle*, No. 07-2282-cv, 288 F. App'x 768, 769 (2d Cir. Aug. 13, 2008) (quoting *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995)); *see Montanile v. Nat'l Broad, Co.*, 216 F. Supp. 2d 341, 342 (S.D.N.Y. 2002) ("Reconsideration of a court's previous order is an 'extraordinary remedy to be employed sparingly in the interests of finality and conservation of scarce judicial resources.'") (quoting *In re Health Mgmt. Sys. Inc. Secs. Litig.*, 113 F. Supp. 2d 613, 614 (S.D.N.Y.

2000)). Generally, grounds justifying reconsideration include an intervening change of controlling law, the availability of new evidence, and the need to correct clear error or prevent manifest injustice. *Virgin Atlantic Airways, Ltd. v. Nat'l Mediation Bd.*, 956 F.2d 1245, 1255 (2d Cir. 1992).

Tafari has not demonstrated that the Court overlooked any controlling decisions or material facts that might have influenced the April 4, 2012 Memorandum- Decision and Order. As the Court previously noted, "§ 1915(g) allows a three-strikes litigant to proceed IFP only when there exists an adequate nexus between the claims he seeks to pursue and the imminent danger he alleges." (Dkt. No. 20 at 11 (quoting *Pettus v. Morgenthau,* 554 F.3d 293, 296 (2d Cir. 2009)); *see Chavis v. Chappius*, 618 F.3d 162, 169-71 (2d Cir. 2010). In deciding whether the required nexus exists, courts must consider "(1) whether the imminent danger of serious physical injury that a three-strikes litigant alleges is *fairly traceable* to unlawful conduct asserted in the complaint, and (2) whether a favorable judicial outcome would *redress* that injury." *Pettus,* 554 F.3d at 298-99 (footnote omitted).

The allegations in Tafari's complaint relate to a December 27, 2005 disciplinary hearing, at which he claims that he was denied the right to

present witnesses. (Dkt. No. 21 at 3-4.) This hearing, and the proceedings thereafter, have no relationship to Tafari's new claim of imminent danger. Neither Sergeant Gettman or Uhler, or the various unnamed members of the staff who allegedly beat Tafari, are parties to this action. Therefore, any alleged "imminent" danger from these individuals will not be mitigated by this action's ability to proceed without payment of fees. Since Tafari's claims do not plausibly suggest that he faced an imminent danger of serious physical injury in connection with the allegations in his complaint, much less when he brought this action on April 27, 2010, he is not entitled to proceed with this action *in forma pauperis*. *See Pettus,* 544 F.3d at 296 (stating that the "imminent danger" exception to section 1915(g) is applicable only if plaintiff is in imminent danger of serious physical injury when he files his complaint); *Harris v. City of N.Y.*, 607 F.3d 18, 24 (2d Cir. 2010) (ruling that the court must evaluate imminent danger claims at the time the complaint is filed, rather than at the time of the events alleged.).

Accordingly, if Tafari wants to proceed with this action, he must pay the statutory filing fee of three hundred fifty dollars ($350.00) **within twenty (20) days** of the filing date of this Memorandum-Decision and

Order.  Upon payment of the filing fee, the Clerk of the Court shall return the file to this Court for review of the complaint in accordance with 28 U.S.C. § 1915A.  Tafari is advised that his failure to pay the required filing fee within twenty (20) days of the filing date of this Order will result in the dismissal of this action **without further Order of this Court**.

## B.   Tafari's pending motions

Tafari has filed a letter motion requesting a temporary restraining order (TRO) and preliminary injunction "based upon" actions of "defendant's [sic] Donald Uhler and Donald Selsky,"[2] whom he alleges threatened to order his "assassination" if he did not drop his pending lawsuits.  (Dkt. No. 25 at 1-2.)  Tafari appears to be complaining about events that allegedly took place on April 28, 2012, May 1, 2012, May 7, 2012, May 22, 2012, May 26, 2012, and May 29, 2012.  (*Id.* at 3-6.)  He asks that the Court direct the defendants to produce all "grievance complaints" he has filed at Upstate Correctional Facility and all documents

---

[2] Tafari has filed the same motion in most of his pending actions, including: *Tafari v. Hogan, et al.*, No. 08-CV-1060; *Tafari v. Rock, et al.*, 10-CV-0790; *Tafari v. Rock, et al.*, No. 11-CV-0433; *Tafari v. Rock, et al.*, No. 11-CV-0679; *Tafari v. Baker, et al.*, 11-CV-0694; *Tafari v. Rock, et al*, No. 11-CV-1342; *Tafari v. Uhler, et al*, No. 11-CV-1390; *Tafari v. Uhler, et al*, 11-CV-1422; *Tafari v. Zerniak, et al.*, No. 11-CV-1429; *Tafari v. Gettman, et al.*, No. 11-CV-1446; *Tafari v. Bellnier, et al*, No. 11-CV-1447; *Tafari v. Bosco, et al*, No. 11-CV-1464; *Tafari v. Smith, et al.* No. 11-CV-1476; *Tafari v. Allen, et al.*, No. 12-CV-0269; *Tafari v. Ferrick, et al.*, No. 12-CV-0662; and *Tafari v. Prack, et al.*, No. 12-CV-0703.

created as a result of those grievances; copies of all video tapes of "each incident complaint [sic] of in the 17 complaints;" and that the Court order that he be videotaped "whenever he's taken out of the assigned cell he is confined to, for the entire period out of the cell to assure" his safety. (*Id.* at 6-7.)

In this Circuit, the legal standards for granting a TRO is the same as for a preliminary injunction. *Andino v. Fischer*, 555 F. Supp. 2d 418, 419 (S.D.N.Y. 2008); *Young-Flynn v. Wright*, 05-CV-1488, 2007 WL 241332, at *7 (S.D.N.Y. Jan. 26, 2007). A district court may grant a preliminary injunction if the moving party establishes "(1) irreparable harm in the absence of the injunction and (2) either (a) a likelihood of success on the merits or (b) sufficiently serious questions going to the merits to make them a fair grounds for litigation and a balance of hardships tipping decidedly in the movant's favor." *Andino*, 555 F. Supp. 2d at 419 (quoting *MyWebGrocer, LLC v. Hometown Info, Inc.*, 375 F.3d 190, 192 (2d Cir. 2004) (quoting *Merkos L'Inyonei Chinuch, Inc. v. Otsar Sifrei Lubavitch, Inc.*, 312 F.3d 94, 96 (2d Cir. 2002)); *see Munaf v. Green*, 553 U.S. 674, 690 (2008) ("a party seeking a preliminary injunction must demonstrate, among other things, 'a likelihood of success on the merits.'") (quoting

*Gonzales v. O Centro Espirita Beneficente Uniao do Vegetal*, 546 U.S. 418, 428 (2006) (further citations omitted).  The moving party must also establish a relationship between the injury claimed in the motion and the conduct giving rise to the originally filed action.  *Rivers v. Costello*, No. 08-CV-107, 2009 WL 1707119, at *2 (N.D.N.Y. Jun. 17, 2009); *McKinnon v. Tresman*, No. 3:02-CV-02305, 2004 WL 78091, at *1 (D. Conn. Jan. 9, 2004).

Tafari's requests for relief are based upon allegations that are unrelated to the subject of this action, and therefore, his request for preliminary injunctive relief is beyond the scope of this action and is denied.  *See Ariola v. LaClair*, No. 07-CV-0057, 2007 WL 1026365, at *1 (N.D.N.Y. Apr. 2, 2007) (denying motion for a preliminary injunction against the New York State Division of Parole because the relief sought was unrelated to the grounds set forth in the habeas petition, and the Division of Parole was not a party to the action); *McKinnon*, 2004 WL 78091, at *2 ("The issue in this case concerns the disclosure of plaintiff's medical information in 2002.  His request for preliminary injunctive relief concerns a possible transfer among correctional facilities.  Thus, the request for preliminary injunctive relief is beyond the scope of this action.").

## IV. CONCLUSION

After carefully reviewing Tafari's submissions and the applicable law, and for the above-stated reasons, it is

**ORDERED** that this action shall be **DISMISSED** without prejudice and without further Order of this Court unless Tafari pays the Court's filing fee of three hundred fifty dollars ($350.00) within **TWENTY (20) DAYS** of the filing date of this Memorandum-Decision and Order; and it is

**ORDERED** that, upon Tafari's payment of the filing fee, the Clerk of the Court shall return the file to this Court for review in accordance with 28 U.S.C. § 1915A; and it is

**ORDERED** that Tafari's motion for a temporary restraining order and preliminary injunction (Dkt. No. 25) is **DENIED**; and it is

**ORDERED** that the Clerk of the Court shall serve a copy of this Memorandum-Decision and Order on the parties in accordance with the Local Rules.

**IT IS SO ORDERED.**

June 21, 2012

_Gary L. Sharpe_
Gary L. Sharpe
Chief Judge
U.S. District Court